## Saurman's Trustee *versus* Binder .*et al.*

*Lien of Mortgage, how affected by Entry of* "settled by the Parties" *on* scire facias *sued out thereon.*

The owner of real estate having given mortgages thereon in 1852, writs of *scire facias* were issued in 1853, and *alias* writs in 1854, when an arrangement was made, and an entry made on the docket in each of the cases "settled by parties," and the costs were paid: subsequently by various conveyances, each expressly stipulating that the purchaser took subject to the mortgages, the property became vested in L., who in 1857 on obtaining an extension of time for payment, executed to the assignees of the mortgages a declaration of no set-off and fixing the balance due: afterwards on judgment and execution against him, one tract was sold and bought in by the plaintiff as trustee for the estate of her husband, a judgment-creditor who, in the other writs of *scire facias* issued on the mortgage binding the tract ·purchased, set up the defence that the entry of "settled" on the record of the former writs, was a payment and satisfaction of the mortgages. *Held*, that as the trustee had notice in the line of the title of the non-payment of the mortgages before her purchase, and after the making of the entry claimed to be an estoppel, she could not sustain the defence, but that the plaintiffs, assignees of the mortgages, were entitled to recover thereon. .

ERROR to the Common Pleas of *Clearfield county.*

These were writs of *scire facias* by Jacob Binder and George A. Binder against Catharine Saurman, trustee of the estate of Thomas Saurman, deceased, in each of which there was a verdict and judgment for plaintiffs, and writs of error sued out by the defendant.

*H. B. Swoope,* for plaintiff in error.

*William A. Wallace,* for defendants in error.

All the material facts of the case will be found in the opinion of this court, which was delivered, June 26th 1862, by

READ, J.—These are two writs of *scire facias* on two mortgages, both dated the 28th September 1852, and recorded in Clearfield county on the 27th November in the same year: one to Sarah Ann Carter, wife of James T. Carter, of an undivided moiety of Beccaria Mills property, consisting of three tracts of land, of one hundred and sixty-eight acres, of two hundred

7 WR.—14

and sixty-nine acres, and one hundred and fifty acres; the other to Charlotte G. Hancock, wife of Samuel P. Hancock, of the other undivided moiety of the said premises—and both executed by Clayton Allen and Ruth Anna Allen his wife. The first mortgage was to secure the payment of a bond by Clayton Allen to the said Sarah Ann Carter, in the total penal sum of $8000, conditioned for the payment of $4000 on the days, times, and in the amounts therein specified; the second mortgage was to secure the payment of a bond by the said Clayton Allen to Charlotte G. Hancock, in the total sum of $5000, on the days, times, and in the amounts therein specified.

Ephraim Clark, for a valuable consideration, purchased these two mortgages and accompanying bonds, and assignments of the same were executed to him on the 14th November 1853; that of the Carter mortgage was recorded on the 22d July 1854, and that of the Hancock mortgage endorsed upon it and marked in Mortgage Book A., page 154, on the same day. On the 19th November 1853, Clark placed these mortgages in the hands of Bullitt & Fairthorne for collection, who sent them to William P. Wilson, Esq., of Bellefonte, Centre county, who, it appears, employed W. A. Wallace, Esq., of Clearfield, who issued writs of *scire facias* upon them in the names of the mortgagees upon *præcipes* of Mr. Wilson, and who had writs of estrepement issued on both mortgages.

An arrangement having been made by Mr. Clark with Henry Gerker, a creditor of his, for the assignment of these mortgages, Mr. Clark directed the proceedings to be withdrawn, in consequence of which Messrs. Bullitt & Fairthorne, on the 12th July 1854, wrote to Mr. Wilson, at Bellefonte, sending him a check for his fees, and directing him to discontinue the *scire facias*, withdraw the writs of estrepement, and stay the *fieri facias*, and return them the mortgages and the bonds. He wrote to Mr. Wallace to discontinue the *scire facias* and estrepements, but not to satisfy the mortgages. Mr. Wallace marked on the docket of the *scire facias*, "settled by the parties." On the 25th September 1854, Ephraim Clark assigned these mortgages to Henry Gerker, who, on the 11th July 1855, assigned the same to Jacob Binder and George Binder, the present plaintiffs below. All these assignments were recorded in Clearfield county, on the 18th August 1860.

On the 21st June 1854, Clayton Allen and wife conveyed by deed the whole of the mortgaged premises to Spencer Shoemaker, H. S. Harpe, and Charles H. Shoemaker, expressly subject to the payment of the aforesaid two mortgages, which deed was duly recorded on the 23d July in the same year. On the 16th January 1855, by deed recorded on the same day, Spencer Shoemaker and wife, and H. S. Harpe and wife, conveyed their interest in

the entire premises to Charles H. Shoemaker, subject as afore-
said.   On the 10th September 1855, Charles H. Shoemaker con-
veyed his entire interest in the premises to William Levis, sub-
ject also as aforesaid, and on the 15th August 1857, Charles H.
Shoemaker executed to William Levis a deed of confirmation of
the title to these premises, which deed and the preceding one
were both duly recorded on the 24th December 1857.   This last
deed is also "under and subject nevertheless to the payment of
the aforesaid two several mortgaged debts, and the interest here-
after to grow due thereon."   The liability, therefore, of these
premises to the payment of the mortgages which are the sub-
ject of the two present suits appears in every link of the chain
of title from the original mortgagor to William Levis inclusive.

The claim of the terre-tenant, Catharine Saurman, is confined
to the tract of one hundred and sixty-eight acres, and to a cer-
tain water-right on Clearfield creek, and her title is derived from
a judgment of Thomas Saurman against William Levis, to Janu-
ary Term 1860, for $4497, on which, by regular proceedings, the
said one hundred and sixty acres were sold by the sheriff to the
said Catharine Saurman, trustee for Thomas Saurman, deceased,
for $700, on the 18th June 1860, and a deed was duly executed
to her by sheriff Miller, and acknowledged on the 21st June,
and recorded July 14th 1860.

The existence and binding effect of these mortgages (which
the evidence clearly showed had neither been paid or satisfied in
any way) was distinctly recognised by William Levis in the con-
veyances to him, which were duly recorded long before this judg-
ment was obtained, and which therefore was only a lien on this
land subject to these mortgages, which were on record unsatis-
fied and entirely unaffected by the proceedings of a junior judg-
ment-creditor.

The title, therefore, of Mrs. Saurman was subject to the pay-
ment of these mortgages, and the defence therefore set up by
her in both these suits entirely failed.   This view disposes of all
the questions, and therefore the

Judgment is affirmed.

For the same reasons, the judgment in the second suit, Janu-
ary Term 1861, No. 54, is affirmed.